[656 NYS2d 365]

In the Matter of CLAIRE A. RYAN (Admitted as CLAIRE ANNE RYAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 14, 1997

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset, for petitioner.

### OPINION OF THE COURT

Per Curiam.

The petition contains one charge of professional misconduct

against the respondent, which the Special Referee sustained after a hearing. The respondent appeared with counsel at the hearing. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted any papers in response to the Grievance Committee's motion, nor has she cross-moved to disaffirm the Special Referee's report.

The petition alleged that the respondent violated Judiciary Law § 468-a, 22 NYCRR part 691, and Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to register as an attorney with the Office of Court Administration, as required by Judiciary Law § 468-a and 22 NYCRR 118.1.

On September 23, 1994, a letter was sent by the Grievance Committee to the respondent at her office address informing her that an investigation had been commenced, *sua sponte,* based upon her failure to register. That letter included a request that the respondent submit a written answer within 15 days. When no answer was received, a follow-up letter was sent to the respondent on October 4, 1994, at her home address. It cited the respondent's failure to provide an answer to the Grievance Committee's prior letter, directed the respondent to submit a written answer within 10 days, and warned her of the possibility of suspension for failing to cooperate. The respondent submitted a written answer in response to the follow-up letter, claiming she had registered in New York every year when, in fact, she had last registered in 1990.

On February 7, 1995, Grievance Counsel sent the respondent a letter at her father's residence, which was forwarded to her home in New Jersey, reminding her that she had not registered. This letter, which was sent by regular mail, directed the respondent to submit a written answer within 10 days, and again warned her of the possibility of suspension for her failure to cooperate and register. On April 19, 1995, a letter was sent by regular mail to the respondent at her residence in New Jersey. The respondent ignored this letter. On April 27, 1995, a certified letter was sent to the New Jersey address and signed for by the respondent, yet the respondent still failed to register or to submit a written answer.

On May 2, 1995, the respondent was contacted by telephone at her place of employment, the Monmouth County Prosecutor's Office, in New Jersey. She stated that she practiced law in New Jersey, not New York, but that she had registered in New

York. On July 5, 1995, the respondent was sent a certified letter at her place of employment. On August 7, 1995, the Office of Court Administration advised that the respondent still had not registered.

By a letter dated September 22, 1995, addressed to the respondent at her office, the Acting Grievance Committee Chair advised the respondent that, in light of her failure to register, she was being issued a Letter of Admonition by the Committee and that she was required to register, retire, or resign within 30 days and give notice to the Committee of her decision. The respondent failed to respond to the Committee as directed.

On December 15, 1995, the respondent was sent a form to resign from the Bar. On January 22, 1996, it was ascertained by Grievance Counsel that the Appellate Division had not received any communication or application from the respondent. On January 26, 1996, the respondent was contacted at her office. She stated that she had been harassed for over a year and that the Grievance Committee should do whatever it wanted to do. On March 4, 1996, the Office of Court Administration advised that the respondent still had not registered.

Thereafter, the Grievance Committee served the respondent with an order to show cause seeking her interim suspension from the practice of law. By a telephone conversation with an employee of this Court on March 19, 1996, the respondent requested a two-week adjournment. The respondent was told that she must send a letter to Martin H. Brownstein, the Chief Clerk of this Court, explaining the reasons for her request for an adjournment. The respondent did not communicate again with this Court or with the Grievance Committee.

By a decision and order of this Court dated June 10, 1996, the respondent was suspended from the practice of law until further order of this Court, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against her.

Upon reviewing the evidence adduced at the hearing, we find that the Special Referee properly sustained the allegation of professional misconduct against the respondent. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including the difficulties she experienced getting her mail and being laid off from work, and the fact that

she registered and paid the $600 fee that she owed on March 22, 1996. Under the circumstances, the respondent is reinstated to the practice of law and is censured for her professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law and is hereby censured for her professional misconduct; and it is further,

Ordered that effective immediately, the respondent is reinstated to the practice of law.